# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| TARIQ SHLEEM BROWN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV417-038 |
| KEVIN SPRAYBERRY, | ) ) | |
| Defendant. | ) ) | |

## REPORT AND RECOMMENDATION

Guilty-plea convicted of burglary and possession of a firearm as a convicted felon, Tariq Brown petitions this Court for 28 U.S.C. § 2254 relief. Doc. 1. The State moves to dismiss, arguing that it is untimely under § 2254's limitation statute, 28 U.S.C. § 2244(d). Doc. 9 (answer); doc. 10 (motion to dismiss). On April 2, 2012, the state trial court sentenced Brown to 20 years' imprisonment in CR11-2380AB and to 20 years' imprisonment in CR11-2726AB, to be served concurrently. Docs. 11-1 & 11-2. On October 11, 2013, he filed a *pro se* state habeas corpus petition in Muscogee County. Doc. 11-3. After an evidentiary hearing on August 11, 2014, the state habeas court denied relief in a final order filed November 2, 2015. Doc. 11-4. The Georgia Supreme Court denied Brown's application for a certificate of probable cause to appeal

on April 26, 2016. Doc. 11-5.

Five years after sentencing, Brown began papering the Chatham County Superior Court with various motions to vacate his pleas and criminal sentences, as well as a motion for leave to file an out-of-time appeal. Docs. 11-6 (CR11-2380AB docket) & 11-7 (CR11-2726AB docket). All were summarily denied. *Id.* Then, he came to federal court, seeking to overturn those same convictions. Doc. 1.

Brown had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1). [1] That clock is stopped only by the pendency of a properly filed state direct appeal or collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play.").

Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d

---

[1] That section provides for other events which trigger the one-year limitations period, but none apply here. *See* 28 U.S.C. § 2244(d)(2)-(4).

1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013).

Under O.C.G.A. § 5-6-38, Brown's convictions and sentences became "final" thirty days after April 2, 2012 -- the expiration of the time for filing a notice of appeal of the trial court's dismissal order. He then had one year -- until May 2, 2013 -- to either file a § 2254 petition or toll the limitations period by seeking state collateral relief. 28 U.S.C. § 2244(d)(2); *Rich*, 512 F. App'x at 982-83. His state habeas petition was filed on October 11, 2013, however, nearly six months too late. That the state habeas court ruled on his motion on the merits, rather than barring it as untimely-filed, does not have any tolling effect, since no time remained on his § 2254 clock. *Webster*, 199 F.3d at 1259.

Despite that, his untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609

3

F. App'x 623, 624 (11th Cir. 2015) (citing *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Brown, however, presents nothing to indicate an extraordinary circumstance stood in the way of timely filing. He explains that he "was denied due process by the courts not warning me about my court rights to ap[p]eal at a tim[e]ly manner. Please see records." Doc. 1 at 8. But the Court is at a loss to pinpoint where (and in which records) such a glaring omission can be found. And it cannot do the work of supporting his motion for Brown. There is no indication petitioner has diligently pursued his rights or that some "extraordinary circumstance" prevented him from timely filing a petition in this Court. *See Holland*, 560 U.S. at 649; *Aureoles*, 609 Fed. App'x at 624. Accordingly, Tariq Brown's § 2254 petition is untimely and should be **DISMISSED**.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at \* 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the

4

litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

5

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __12th__ day of May, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA